```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOSEPH THOMAS CARTER, JR.,**

        Petitioner,

                                                Civil Action No. 1:19CV42
                                                Criminal Action No. 1:18CR23
v.                                                     (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

Pending before the Court are (1) the pro se motion filed by the petitioner, Joseph Thomas Carter, Jr. ("Carter"), to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 22); (2) the Government's motion to dismiss Carter's § 2255 petition (Dkt. No. 37); and (3) Carter's motion for a writ of execution and summary judgment (Dkt. No. 39).[1] For the reasons that follow, the Court **DENIES AS MOOT** that portion of Carter's § 2255 petition concerning his sentence (Dkt. No. 22), **DENIES** that portion of his § 2255 petition alleging constructive amendment (Dkt. No. 22), **DENIES AS MOOT** the Government's motion to dismiss (Dkt. No. 37), **DENIES AS MOOT** Carter's motion for a writ of execution and

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:18CR23.

**CARTER v. UNITED STATES**                                       **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

summary judgment (Dkt. No. 39), and **DISMISSES** the case **WITH PREJUDICE.**

## I. BACKGROUND

### A. Prior Criminal Proceedings

On April 7, 2010, in the United States District Court for the District of Maryland, the Government named Carter in a one-count indictment and forfeiture allegation charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) (D. Md. 8:10CR166, Dkt. No. 1). On July 27, 2010, Carter entered into a plea agreement (D. Md. 8:10CR166, Dkt. No. 19), and on February 17, 2011, the District Court sentenced Carter to 140 months of imprisonment to be followed by five years of supervised release (D. Md. 8:10CR166, Dkt. No. 28).

While serving that sentence at the Federal Prison Camp at FCI Gilmer, the Government named Carter in a one-count information on April 19, 2018, charging that he had escaped on or about October 3, 2017, in violation of 18 U.S.C. § 751(a) (Dkt. No. 1). On June 4, 2018, Carter entered into a binding plea agreement (Dkt. No. 11). That same day the Court accepted Carter's guilty plea and sentenced him to nine months of incarceration to run consecutively

2

**CARTER v. UNITED STATES**                                     **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

to his then-current sentence with no supervised release to follow (Dkt. Nos. 15, 16).

On October 19, 2020, Carter was released from BOP custody. See Federal Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/ (results for BOP Register Number 51173-037) (last visited February 14, 2022).

**B. Instant § 2255 Motion**

On March 15, 2019, Carter filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 22). Subsequently, on April 22, 2019, Carter refiled his petition on the court-approved form (Dkt. No. 30). Although Carter lists multiple grounds for relief, he fundamentally presents two arguments: (1) his 2018 sentence was improperly imposed consecutively to the 2011 sentence; and (2) his indictment was constructively amended. Id. The Court ordered the Government to respond by August 23, 2019 (Dkt. No. 33).

On August 23, the Government filed a motion to dismiss in which it makes two arguments (Dkt. No. 37). First, it argues that the Court should dismiss Carter's § 2255 petition because, in his plea agreement, Carter waived his right to challenge his sentence

**CARTER v. UNITED STATES**                               **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

under § 2255. Id. at 3. Second, in the alternative, the Government contends that the Court should dismiss the petition because Carter procedurally defaulted his claims by not raising them on direct review. Id. at 3-4.

On September 4, 2019, Carter moved for summary judgment on his § 2255 petition, claiming that the Government had failed to respond within the time designated by the Court (Dkt. No. 39).[2] The Government responded, clarifying that Carter wrote his letter seeking summary judgment before reviewing the Government's motion to dismiss, which was filed within the time ordered by the Court (1:19CV42, Dkt. No. 11).

## II. APPLICABLE LAW

Under 28 U.S.C. § 2255(a), a federal prisoner, who is in custody, "may move the court which imposed [his] sentence to vacate, set aside or correct [his] sentence" on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," "that the court was without jurisdiction to impose such sentence," or "that the sentence was in excess of the

---

[2] Carter also sought a writ of execution under Fed. R. Civ. P. 69(b), but this rule is inapplicable to Carter's situation as it addresses judgments against revenue officers and officers of Congress.

4

**CARTER v. UNITED STATES**                                  **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

**A. Mootness**

Before addressing the merits of Carter's claims, the Court notes that he was released from BOP custody on October 19, 2020, and under Article III, Section 2, of the United States Constitution, federal courts may adjudicate only actual cases and controversies. U.S. Const. art. III, § 2; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, a case is deemed moot." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

There are, however, two exceptions to the mootness doctrine: (1) issues with collateral consequences, and (2) issues that are capable of repetition, yet evade review. Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). Under the collateral consequences

**CARTER v. UNITED STATES**                                    **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

exception, a habeas corpus petition remains viable following the release of the petitioner when the challenged conviction "results in collateral consequences sufficient to create '"a substantial stake in the . . . conviction which survives the satisfaction of the sentence."'" Id. (quoting Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). "When the defendant challenges his underlying conviction, [the Supreme Court's] cases have long presumed the existence of collateral consequences." United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (emphasis in original).[3]

On the other hand, "when a defendant challenges only an expired sentence, no such presumption applies." Id. (emphasis in original) (citations omitted). In such a situation, the defendant bears the burden "of identifying some ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" Id. (quoting Spencer v. Kemna, 532 U.S. 1, 7, 14 (1998)).

---

[3] Although Juvenile Male addressed a defendant's direct appeal rather than a collateral attack, the same rule has been applied in the habeas context. Ball v. United States, No. 2:15-cr-00071-01, 2018 WL 3018216, at *3 (S.D. W. Va. Feb. 16, 2018).

6

**CARTER v. UNITED STATES**                                    **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

Here, Carter first argues that his 2018 sentence was improperly imposed consecutively to his 2011 sentence. On October 19, 2020, however, Carter was released from federal custody with no supervision to follow on his 2018 sentence. As a result, in order to keep his petition alive on this issue, Carter bears the burden "of identifying some ongoing 'collateral consequence.'" Id. (quoting Spencer, 532 U.S. at 7, 14). Carter, however, has failed to assert a collateral consequence, much less one "that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" Id. (quoting Spencer, 532 U.S. at 7, 14). Accordingly, because Carter has failed to satisfy the collateral consequences exception, the Court **DENIES AS MOOT** this portion of Carter's petition.

Carter next argues that his indictment was constructively amended. Because this ground "challenges [Carter's] underlying conviction," collateral consequences are presumed. Juvenile Male, 564 U.S. at 936 (emphasis in original). As a result, this portion of Carter's petition remains viable.

**CARTER v. UNITED STATES**                                    **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

**B. Constructive Amendment**

Assuming, without deciding, that Carter's appeal waiver is inapplicable and that his argument has not been procedurally defaulted, "[a] constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broaden[] the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994).

Carter, however, pleaded guilty and did not go to trial in this case. The Government did not present evidence or argument to a jury, and the Court drafted no jury instructions. Instead, pursuant to a binding plea agreement, Carter pleaded guilty to escape in violation of 18 U.S.C. § 751(a) (Dkt. No. 11). Carter also was not charged by indictment, but by information (Dkt. No. 3). The information listed his offense exactly as it was stated in the plea agreement: escape in violation of 18 U.S.C. § 751(a). Id. Carter then subsequently waived his right to have his case presented to a grand jury (Dkt. No. 9). Accordingly, because none

**CARTER v. UNITED STATES**                                                  **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

of these facts fit the requirements for constructive amendment, the Court **DENIES** this portion of Carter's petition.

Likely, Carter believes that the amendment of his information to correct a typographical error was improper. But "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Fed. R. Crim. P. 7(e). In this case, although the original information was filed and titled as such, one sentence used the word indictment instead of information (Dkt. No. 3). Before the Court made its findings, this typographical error was corrected (Dkt. Nos. 14, 36 at 16). Accordingly, because an additional offense was not charged and a substantial right was not prejudiced, such an amendment was proper.

**C. Remaining Motions**

Because the Court has denied Carter's § 2255 petition, it **DENIES AS MOOT** the Government's motion to dismiss. It also **DENIES** Carter's motion for a writ of execution and for summary judgment.

**CARTER v. UNITED STATES**  1:19CV42;1:18CR23

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

### IV. CONCLUSION

For the foregoing reasons, the Court

1. **DENIES AS MOOT** that portion of Carter's § 2255 petition concerning his sentence (Dkt. No. 22);

2. **DENIES** that portion of his § 2255 petition alleging constructive amendment (Dkt. No. 22);

3. **DENIES AS MOOT** the Government's motion to dismiss (Dkt. No. 37);

4. **DENIES AS MOOT** Carter's motion for a writ of execution and summary judgment (Dkt. No. 39); and

5. **DISMISSES** Civil Action No. 1:19CV42 **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk **SHALL** enter a separate judgment in favor of the United States; provide a copy of this Order to Carter by certified mail, return receipt requested, to his last known address and to counsel of record by electronic means; and strike Civil Action No. 1:19CV42 from the Court's active docket.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a

10

**CARTER v. UNITED STATES**                                          **1:19CV42;1:18CR23**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DISMISSING THE CASE WITH PREJUDICE**

certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Carter has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Carter has failed to make the requisite showing and **DENIES** a certificate of appealability.

DATED: March 18, 2022

                                       /s/ Irene M. Keeley
                                       IRENE M. KEELEY
                                       UNITED STATES DISTRICT JUDGE